**NOT FOR PUBLICATION**

```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
_____
                               :
JAMES SAMUEL ERNST, JR.,       :
                               :  Civil Action No. 10-4582 (JBS)
          Plaintiff,           :
                               :
     v.                        :          O P I N I O N
                               :
OFC. D. P. BLAIR, et al.,      :
                               :
          Defendants.          :
_____:
```

**APPEARANCES:**

James Samuel Ernst, Pro Se
# 188241
Atlantic County Justice Facility
5060 Atlantic Avenue
Mays Landing, NJ 08330

**SIMANDLE, District Judge**

Plaintiff, James Samuel Ernst, currently detained at the Atlantic County Justice Facility, Mays Landing, New Jersey, seeks to bring this action alleging violations of his constitutional rights in forma pauperis, without prepayment of fees pursuant to 28 U.S.C. § 1915.  For the following reasons, Plaintiff's complaint will be dismissed, without prejudice.

**BACKGROUND**

Plaintiff asserts jurisdiction under 42 U.S.C. § 1983.  His statement of claims states, in full:

> On more than 5 occasions I was placed and beaten into submission and falsely charged.  June 03.  Forced to take meds by injection [] refused showers for weeks at a time [] put in device call[ed] the wrap 3 or more

>     times [] not allowed to make phone calls [] not allowed
>     to speak with lawyer [] mental and physical abuse.

(Complaint, ¶ 4). Plaintiff names as defendants Officer Blair, John Doe Officers, Officer Govan, Lt. Hendricks and his wife, Sgt. Hendricks, and Ex Sergeant Crick. For relief, Plaintiff asserts: "Charge all officers involved with conspiracy to defame me and publicly apologize." (Complaint, ¶ 5). He also asserts within the complaint that the first-named defendant, Officer Blair, "lied under oath stating I spit in his face [-] it cost 3 years in state prison." (Complaint, ¶ 3B).

## DISCUSSION

### A.   Standards for *Sua Sponte* Dismissal

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a district court to review a complaint in a civil action in which a prisoner is proceeding in forma pauperis or seeks redress against a governmental employee or entity. The Court is required to identify cognizable claims and to sua sponte dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. This action is subject to sua sponte screening for dismissal under 28 U.S.C. § 1915(e)(2)(B) because Plaintiff is proceeding as an indigent.

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976) and Haines v. Kerner, 404 U.S. 519, 520-21 (1972)). See also United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).

Recently, the Supreme Court refined the standard for summary dismissal of a complaint that fails to state a claim in Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009). The Court examined Rule 8(a)(2) of the Federal Rules of Civil Procedure which provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Citing its recent opinion in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), for the proposition that "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 555), the Supreme Court held that, to prevent a summary dismissal, a civil complaint must now allege "sufficient factual matter" to show that the claim is facially plausible. This then "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." See id. at 1948; Fowler v. UPMC Shadyside, 578 F.3d 203 (3d Cir. 2009).

**B.      Section 1983 Actions**

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

In this case, Plaintiff does not set forth enough facts to withstand § 1915 screening, pursuant to the Iqbal standard.  He lists his complaints, but does not assert which of the named defendants are responsible for the which of the specific violations that he lists.  He does not give any dates concerning the deprivations, or any factual matter that would allow the defendants to answer the complaint.

Furthermore, Plaintiff asks this Court for relief that it cannot grant, as it appears that Plaintiff is asking this Court to compel the prosecution of the defendants who were involved in the alleged incidents.  Even if the Court were to liberally construe Plaintiff's request as seeking injunctive relief compelling criminal charges and investigation by the Prosecutor's Office, the Court finds that such a claim alleging failure to pursue or file criminal charges is not cognizable under any federal law, specifically, 42 U.S.C. § 1983.  See Leeke v. Timmerman, 454 U.S. 83, 85-87 (1981); Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973) ("a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another").  See also Maine v. Taylor, 477 U.S. 131, 137 (1986); Heckler v. Chaney, 470 U.S. 821, 832 (1985); United States v. General Dynamics Corp., 828 F.2d 1356, 1366 (9th Cir. 1987).

## CONCLUSION

Accordingly, as submitted, this complaint fails to state a claim upon which relief can be granted, and the complaint shall be dismissed, without prejudice, pursuant to 28 U.S.C. § 1915(e)(2).  If Plaintiff is able to cure these deficiencies through an amended complaint which provides context for his allegations, identifies the constitutional right or rights that he alleges to have been violated, identifies each of these defendants and his/her role in violating these rights, and

5

provides the grounds upon which the claim is based, then Plaintiff may file such an amended complaint in accordance with the accompanying Order.

                                           **s/ Jerome B. Simandle**
                                           JEROME B. SIMANDLE
                                           United States District Judge

Dated: **April 18, 2011**